

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2000 MAY -5 P 12: 00

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

RONALD E. COBLENTZ                          *     CIVIL ACTION

VERSUS                                      *     NO. 00-279

DANIEL C. GLICKMAN, SECRETARY,              *     SECTION "N"
DEPARTMENT OF AGRICULTURE
NATIONAL FINANCE CENTER

ORDER AND REASONS

Before the Court is Defendant's Motion to Dismiss. For the following reasons, Defendant's

Motion to Dismiss is CONVERTED to a Motion for Summary Judgment and GRANTED.

A.  BACKGROUND

On January 28, 2000, Plaintiff Ronald E. Coblentz filed suit in this Court against Daniel C.

Glickman, the Secretary of the Department of Agriculture. Mr. Coblentz, an employee at the

Department of Agriculture's National Finance Center ("NFC"), alleges that ever since he filed an

EEO complaint of age discrimination and spoke out against the NFC at a USDA "listening session,"

he has been the victim of "an ongoing campaign of reprisal" by Defendant. Complaint ¶ VII.

DATE OF ENTRY

MAY  5 2000

Specifically, Mr. Coblentz alleges that Defendant's employees denied him a promotion, delayed his promotion, transferred some of his duties to another employee and cut his overtime. *See* Complaint ¶¶ IX, XI, XII and XV-XX. Although his Complaint is difficult to construe, Mr. Coblentz appears to allege that these activities took place in 1997. *See* Complaint ¶ IX (alleging that "the date of the discrimination was June, 1997").

As Defendant points out, this is not the first time Mr. Coblentz has complained of these actions. Mr. Coblentz filed three EEO complaints and one complaint with this Court. The latter complaint formed the basis of Civil Action No. 98-3465 and, like the complaint in the instant case, was brought against Secretary Glickman. The case was referred to United States Magistrate Judge Sally Shushan,[1] who granted the Secretary's motion for summary judgment and entered judgment against Mr. Coblentz. *See* Order and Reasons, Civil Action No. 98-3645 (E.D. La. October 13, 1999). Magistrate Shushan held, *inter alia*, that Mr. Coblentz had "presented no evidence whereby the court could draw a causal link between the connected activity (the filing of the initial EEO complaint in 1992), and any alleged adverse employment action occurring in 1997." Id. at 12. More specifically, Magistrate Shushan noted that Mr. Coblentz had "produced nothing other than rank speculation to substantiate his claims of retaliation," and that the "causal connection between the operative events [were] simply too attenuated in both time and manner to establish a claim for retaliation." Id. at 12-13.

Based on Magistrate Shushan's ruling in Civil Action No. 98-3645, Secretary Glickman contends that Mr. Coblentz's claims in the instant case are precluded and should be dismissed.

---

[1] The instant case was also referred to Magistrate Shushan, but the parties advised her that they did not wish to consent to trial by a Magistrate Judge.

Alternatively, he argues that Mr. Coblentz's claims should be dismissed because he failed to wait the requisite 180 days from lodging his formal EEO complaint before filing suit in federal court.

## B. LAW AND ANALYSIS

### 1. Res Judicata

Secretary Glickman brings his Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and (2).  Although these rules certainly apply to some of the Secretary's arguments, Magistrate Shushan dismissed Mr. Coblentz's retaliation claims on the merits, not for lack of personal or subject matter jurisdiction.  Thus, Secretary Glickman's res judicata theory is in reality an argument that Mr. Coblentz has failed to state a claim upon which relief can be granted, and the Court finds Rule 12(b)(6) to be the appropriate vehicle for this facet of Defendant's motion. *Compare* Production Supply Co., Inc. v. Fry Steel Inc., 74 F.3d 76 (5th Cir. 1996) (defendant brought merit-based res judicata challenge under Rule 12(b)(6)), *with* Deckert v. Wachovia Student Fin. Servs., Inc., 963 F.2d 816 (5th Cir. 1992) (defendant brought lack-of-personal-jurisdiction-based res judicata challenge under Rule 12(b)(2)).  Because Secretary Glickman has asked the Court to consider Plaintiff's prior federal court complaint, Plaintiff's EEO complaints, the USDA EEO Complaint Final Decision, and Magistrate Shushan's ruling, and because Mr. Coblentz has submitted an appellate brief from the prior case, the Court shall convert Defendant's Motion to Dismiss on res judicata grounds into a Motion for Summary Judgment pursuant to the last sentence of Federal Rule of Civil Procedure 12(b).  *See* Burns v. Harris County Bail Bond Bd., 139 F.3d 513, 517 (5th Cir. 1998), *reh'g denied* (1998) ("When matters outside the pleadings are presented to and not excluded by the district court, the district court must convert a motion to dismiss into a motion for summary

3

judgment.").[2]  Summary judgment is proper only where, viewing the evidence in the light most

favorable to the nonmoving party, the court determines that there is no genuine issue of material fact

and judgment is proper as a matter of law.  *See* In re Intelogic Trace, Inc., 200 F.3d 382 (5th Cir.

2000) (applying summary judgment standard in the context of a res judicata argument); FED. R. CIV.

P. 56(c).

For a prior judgment to bar an action on the basis of res judicata, (1) the parties must be

identical in both suits, (2) the prior judgment must have been rendered by a court of competent

jurisdiction, (3) there must have been a final judgment on the merits and (4) the same cause of action

must be involved in both cases.  *See* Nilsen v. City of Moss Point, Miss., 701 F.2d 556, 559 (5th Cir.

1983) (en banc) (applying res judicata to employment discrimination claim).  Here, the parties do

not contest that the first and second elements are satisfied, as the parties were identical in both suits,

and Magistrate Shushan had jurisdiction over the prior case.  Similarly, the parties appear to agree,

and the Court finds, that the fourth element is satisfied, as both cases involve a claim of Title VII

retaliation.  At issue is the third element, whether Magistrate Shushan reached the merits of all of

Mr. Coblentz's claims of retaliation.  According to Mr. Coblentz, Magistrate Shushan "never made

any type of statements or analysis in this retaliation claim. . . ."  *See* Plaintiff's Opposition

Memorandum p. 2.

---

[2]The Court finds that the parties had sufficient notice that the Court would convert the
motion to dismiss into a motion for summary judgment.  Although Defendant encouraged the
Court not to do so, his rationale for not converting the motion was tied entirely to his subject
matter jurisdiction argument, *see* Defendant's Support Memorandum p.4 n.5, and he submitted
abundant evidence outside the pleadings.  Moreover, Plaintiff submitted evidence outside the
pleadings, which the Court has considered.  This fact alone mandates conversion.  *See* Burns, 139
F.3d at 517 (consideration of outside evidence submitted by non-moving party mandates
conversion).

Mr. Coblentz is wrong. As noted above, Magistrate Shushan expressly granted summary judgment against Mr. Coblentz *on his retaliation claims*. Those claims included allegations of "non-selection for promotional positions; intentional delays in performing a desk audit after it was recommended that plaintiff should be promoted to a GS-13; taking away plaintiff's job duties and not telling him; . . . giving plaintiff a job description and changing the job duties immediately without informing plaintiff; . . . other acts of retaliation. . . ," *see* Civil Action No. 98-3645 Complaint ¶ IX,[3] and denial of overtime. *See* Order and Reasons p.5. The ambiguities in Mr. Coblentz's Complaint notwithstanding, these claims overlap exactly with the claims presented in the instant case.

The Court notes that Mr. Coblentz's reference to "*this* retaliation claim" might be an attempt to distinguish between his various EEO complaints.[4] As noted above, Mr. Coblentz has alleged several instances of retaliation, each of which individually might be considered a "claim," and has also brought three EEO complaints, which might be referred to loosely as EEO "claims." In her Order and Reasons, Magistrate Shushan did not expressly state in what sense she was using the word "claim," and there is some ambiguity in the opinion. For example, while in the fact section she sets forth each alleged incident of retaliation, she later refers to "Plaintiff's First and Second Retaliation Claims." *See* Order and Reasons p. 12. This latter reference suggests that she was dismissing only the allegations set forth in Mr. Coblentz's first and second EEO complaint, but not in his third. Thus,

---

[3]This paragraph is not expressly labeled "IX", but that appears to have been Plaintiff's intention.

[4]The Court has had some trouble deciphering both Plaintiff's Complaint and his Opposition Memorandum, the latter of which is just over a page long and is filled with typographical errors, vague arguments, improper word choice and confusing sentence structure.

Mr. Coblentz might be arguing that there has been no final judgment regarding his third EEO complaint.

Even this reading of Mr. Coblentz's argument does not aid his cause. The claims set forth in both Mr. Coblentz's third EEO complaint and in the instant case arise from the same transaction as the claims set forth in Mr. Coblentz's second EEO complaint, *i.e.* the alleged 1997 campaign of retaliation. In fact, his claims here and in his third EEO complaint are largely, arguably wholly, identical to those set forth in his second EEO complaint, and, to the extent they differ, there is no reason why they should not have been brought in the earlier suit.[5] Thus, even if Magistrate Shushan only considered the second EEO complaint, her decisions relative to those claims preclude consideration of Mr. Coblentz's subsequent claims, both in the third EEO complaint and in the instant case.[6]

Therefore, the Court finds that there has been a final judgment in an earlier case on the merits of the claims presented in this case. Accordingly, the claims in this case are precluded.

## 2. Lack of Jurisdiction

Secretary Glickman presents two jurisdictional attacks. First, he argues that the Court lacks personal jurisdiction over the National Finance Center because the NFC cannot be made defendant in a Title VII suit. Because Mr. Coblentz admits that he has not attempted to make the NFC a

---

[5]Any difference in the claims appears to be the result of a change in phraseology, not substance.

[6]Because he brings the same claims in the instant case as he brought in Civil Action No. 98-3645, the Court is left with the distinct impression that he is attempting a *de facto* appeal of Magistrate Shushan's rulings. However, Mr. Coblentz himself brings to the Court's attention that Magistrate Shushan's decision is presently on appeal to the Fifth Circuit, *de jure*. Mr. Coblentz should wait for the results of his appeal rather than attempting to pursue the same claims in alternative fora.

defendant, and because the Court's records indicate that the NFC has not been made a defendant, this issue is moot.

Second, Secretary Glickman argues in the alternative to his res judicata argument that the Court lacks subject matter jurisdiction over Mr. Coblentz's retaliation claim because Mr. Coblentz failed to exhaust his administrative remedies as to his third EEO complaint. Because the Court finds that Magistrate Shushan's consideration of the second EEO complaint should be given res judicata effect as to all subsequent claims arising from the same transaction, including those in the third EEO complaint, it is immaterial whether Mr. Coblentz exhausted his administrative remedies as to his third EEO complaint.

## C. CONCLUSION

The Court finds that Plaintiff's claims in the instant suit are barred by Magistrate Shushan's judgment in Civil Action No. 98-3645. *See* Order and Reasons, Civil Action No. 98-3645 (E.D. La. October 13, 1999).

For the reasons set forth above,

IT IS ORDERED that Defendant's Motion to Dismiss is CONVERTED to a Motion for Summary Judgment and GRANTED.

New Orleans, Louisiana, this 4 day of May , 2000.

EDITH BROWN CLEMENT
UNITED STATES DISTRICT JUDGE